**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
AUG 26 2019
JEFFREY P. COLWELL
CLERK

Civil Action No. ______________________________
(To be supplied by the court)

JOSEPH PACHECO, et al., ("see attached") , Plaintiff

v.

COLORADO DEPARTMENT OF CORRECTIONS ,

RICK RAEMISCH ,

DEAN WILLIAMS ,

MARY CARLSON, ("see attached"), et al., , Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

JOSEPH PACHECO, #115455, 21000 HWY. 350 EAST, MODEL, CO 81059
(Name, prisoner identification number, and complete mailing address)

NOT APPLICABLE
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
_X_ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) ________________________________________

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: COLORADO DEPARTMENT OF CORRECTIONS, 1250 ACADEMY PARK LOOP, COLORADO
(Name, job title, and complete mailing address)

SPRINGS, CO 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _x_ Yes ___ No (*check one*). Briefly explain:

Defendant the Colorado Department of Corrections is a subdivision of the State of Colorado and functions as the enforcement agency. . .

Defendant 1 is being sued in his/her _x_ individual and/or ___ official capacity.

Defendant 2: RICK RAEMISCH, FORMER EXECUTIVE DIRECTOR OF THE COLO. DEPT. OF CORR.,
(Name, job title, and complete mailing address)

1250 ACADEMY PARK LOOP, COLORADO SPRINGS, CO 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? x Yes ___ No (*check one*). Briefly explain:

Defendant Rick Raemisch is a citizen of the United States and a resident of the State of Colorado. Raemisch was acting under. . .

Defendant 2 is being sued in his/her x individual and/or x official capacity.

Defendant 3: DEAN WILLIAMS, THE EXECUTIVER DIRECTOR OF THE COLO. DEPT. OF CORR.,
(Name, job title, and complete mailing address)

1250 ACADEMY PARK LOOP, COLORADO SPRINGS, CO 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? x Yes ___ No (*check one*). Briefly explain:

Defendant Dean Williams is a citizen of the United States and a res dent of the State of Colorado. Williams was acting under. . .

Defendant 3 is being sued in his/her x individual and/or x official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

x 42 U.S.C. § 1983 (state, county, and municipal defendants)

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

x Other: (*please identify*) 42 U.S.C. § 1985(3)

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: 42 U.S.C. §1983-Denial of Parole Hearing (14th Amend. Procedural Due Process Violation)(Against All Defendants)

Supporting facts:

69. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

70. Defendants were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

71. All named plaintiffs as well as additional unnamed plaintiffs, that will be supplemented to this class action, have a protected liberty interest in their right to a parole hearing (in order to demonstrate their rehabilitation and possibly be deemed fit for parole by the State, and released on Parole).

72. By engaging in one or more of the following acts, each Defendant, as detailed herein and acting recklessly, knowingly, intentionally, willfully, and wantonly, played a personal and essential role in ensuring that the Plaintiff's sentences were not accurately computed and accurately recorded in conformance with applicable statutes and regulation. Said behavior is to a degree that shocks the universal senseoof justice by: (1) systematically inaccurately computing and recording offenders' sentences and not conforming to applicable statutes and regulations; (2) systematic failure to follow and/or enforce a written policy, specifically, AR-950-07 (See Exhibit ); (3) the denial of plaintiff's right to be heard at a parole board hearing due to the aforementioned

"see attached p.22"

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _x_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): NOT APPLICABLE

Docket number and court: NOT APPLICABLE

Claims raised: NOT APPLICABLE

Disposition: (is the case still pending? has it been dismissed?; was relief granted?) NOT APPLICABLE

Reasons for dismissal, if dismissed: NOT APPLICABLE

Result on appeal, if appealed: NOT APPLICABLE

## F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

_X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

_X_ Yes ___ No (*check one*)

## G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

"see attached", specifically p. 25-26.

## H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

"see attached" (p.27)
(Plaintiff's signature)

August 8th of 2019
(Date)

(Form Revised December 2017)

A. PLAINTIFF INFORMATION (reserve right to add additional plaintiffs)

1. Plaintiff Joseph Pacheco is an inmate, prisoner identification number (DOC#) 115455, sentenced to the Colorado Department of Corrections ("CDOC") in 2019. Pacheco is currently housed at the Trinidad Correctional Facility located at: 21000 Hwy. 350 East, Model, CO 81059; and has since been subject to the unlawful practices alleged herein, from one or more of the Defendants.

2. Plaintiff Jabez Parker is an inmate, prisoner identification number (DOC#) 175535, sentenced to the Colorado Department of Corrections ("CDOC") in 2018. Parker is currently housed at the Trinidad Correctional Facility ("TCF") located at: 21000 Hwy. 350 East, Model, CO 81059; and has since been subject to the unlawful practices alleged herein, from one or more of the Defendants.

3. Plaintiff Michael Lujan is an inmate, prisoner identification number (DOC#) 130547, sentenced to the CDOC in 2018. Lujan is currently housed at the TCF located at: 21000 Hwy. 350 East, MOdel, CO 81059; and has since been subject to the unlawful practices alleged herein, from one or more of the Defendants.

4. Plaintiff Christopher Kohlenberg is an inmate, prisoner identification number (DOC#) 156448, sentenced to the CDOC in 2019. Kohlenberg is currently housed at the TCF located at: 21000 Hwy. 350 East, Model, CO 81059; and has since been subject to the unlawful practices alleged herein, from one or more of the Defendants.

5. Plaintiff Albert Mersman is an inmate, prisoner identification number (DOC#) 106555, sentenced to the CDOC in 2018. Mersman is currently housed at the TCF located at: 21000 Hwy. 350 East, Model, CO 81059; and has since been subject to the unlawful practices alleged herein, from one or more of the Defendants.

6. Plaintiff William Lee is an inmate, prisoner identification number (DOC#) 122960, sentenced to the CDOC in 2019. William Lee is currently housed

at the TCF located at: 21000 Hwy. 350 East, Model, CO 81059; and has since been subject to the unlawful practices alleged herein, from one or more of the Defendants.

7. Plaintiff Robert Boyer is an inmate, prisoner identification number (DOC#) 116592, sentenced to the CDOC in 2013. Boyer is currently housed at the TCF located at: 21000 Hwy. 350 East, Model, CO 81059; and has since been subject to the unlawful practices alleged herein, from one or more of the Defendants.

8. Plaintiff Shawn Todaro is an inmate, prisoner identification number (DOC#) 60946, sentenced to the CDOC in 2006. Todaro is currently housed at the TCF located at: 21000 Hwy. 350 East, Model, CO 81059; and has since been subject to the unlawful practices alleged herein, from one or more of the Defendants.

9. Plaintiff Benjamin Greenfield is an inmate, prisoner identification number (DOC#) 135249, sentenced to the CDOC in 2014. Greenfield is currently housed at the TCF located at: 21000 Hwy. 350 East, Model, CO 81059; and has since been subject to the unlawful practices alleged herein, from one or more of the Defendants.

10. Plaintiff Gino Alberico is an inmate, prisoner identification number (DOC#) 128072, sentenced to the CDOC in 2017. Alberico is currently housed at the TCF located at: 21000 Hwy. 350 East, Model, CO 81059; and has since been subject to the unlawful practices alleged herein, from one or more of the Defendants.

B. DEFENDANT(S) INFORMATION

11. Defendant the Colorado Department of Corrections ("CDOC") is a subdivision of the State of COlorado and functions as the enforcement agency for the State and pursuant to the orders of the judiciary, headed by the Executive Director who has a staff of administrators, case managers, and corrections officers. The CDOC is responsible for the supervision, training, official policies, customs, and practices of its agents, Raemisch, Williams, Carlson, and Long. At all times

relevant to this action the CDOC operated under color of state law, it is sued in its individual capacity only, and its principal place of business is located at: 1250 Academy Park Loop, Colorado Springs, CO 80910.

12. Defendant Rick Raemisch is a citizen of the United States and a resident of the State of Colorado. Raemisch was acting under color of state law in his capacity as the Former Executive Director of the CDOC. Raemisch was responsible for the assignment of Defendants, Mary Carlson and Ryan LOng and was their direct supervisor, throughout his entire term as the Executive DIrector of the CDOC. As executive director, Raemisch is responsible for offenders legally committed to the CDOC or legally transfered from another jurisdiction. (See Exhibit , AR-950-07, p.5). Raemisch also personally directed, approved, and/or personally paarticipated in many of the unconstitutional acts undertaken by Defendants Mary Carlson and Ryan Long, as alleged herein. As Executive Director, Raemisch was responsible for the training nad supervision of CDOC personnel, provided overall management and accountability for the CDOC, and was the final policy maker for the CDOC. Along with Williams, Carlson, and LOng, Raemisch was the driving force behind the constitutional violations against all named and unnamed plaintiffs herein. Raemisch is sued in both his individual and official capacities.

13. Defendant Dean Williams is a citizen of the UNited States and a resident of the State of Colorado. Williams was acting under color of state law in his Capacity as the Executive Director for the CDOC. Williams was responsible for the assignemnt of Defendants, Mary Carlson and Ryan Long and was their direct supervisor, throughout his entire term as Executive Director. As executive director Williams is responsible for offenders legally committed to the CDOC or legally transferred to the CDOC from another jurisdiction. (See Exhibit , AR-950-07, p.5). Williams also personally directed, approved, and/or participated in many

of the unconstitutional acts undertaken by Defendants Mary Carlson and Ryan Long, as alleged herein. As executive director, Williams was responsible for the training and supervision of CDOC personnel, provided overall management and accountability for the CDOC. Along with Raemisch, Carlson, and Long, Williams was the driving force behind the constitutional violations against all named and unnamed plaintiffs herein. Williams is sued in both his individual and official capacities.

14. Defendant Mary Carlson is a citizen of the United States and a resident of the STate of Colorado. Carlson was acting under color of state law in her capacity as the administrator for Offender Time/Release Operations for the CDOC, is located at: P.O. Box 1010, Canon City, CO 81215-1010. Carlson is responsible for the assignments of all DOC personnel in Offender Time/Release Operations. As their direct supervisor, Carlson personally directed, approved and/or personally participated in many of the unconstitutional acts carried out by her subordinates. As the administrator for Offender Time/Release Operations, Carlson is responsible for the training and supervision of Offender Time/Release Operations personnel, provided overall management and accountability for Offender Time/Release Operations, and was the final policy maker for Offender Time/Release Operations, respectively. Along with Raemisch, Williams, and Long, Carlson was the driving force behind the constitutional violations against all named and unnamed plaintiffs herein. Carlson is sued in both her individual and official capacities.

15. Defendant Ryan Long is a citizen of the United States and a resident of the State of COlorado. LOng was acting under color of state law in his capacity as the administrative head of the Denver Complex ("DRDC") for the CDOC, located at: 10900 Smith Road, P.O. Box 392004, Denver, CO 80239. Long, as the receiving agent of all inmates is responsible to comply with AR-950-07 (Exhibit ). Long also personally directed, approved, and/or participated in many of the unconstit-

utional acts undertaken by Denver Complex personnel, as alleged herein. As head of DRDC, Long was responsible for the training and supervision of DRDC personnel, provided overall management and accountability for DRDC, and was the final policy maker for DRDC, respectively. Along with Raemisch, Williams, and Carlson, Long was the driving force behind the constitutional violations against all named and unnamed plaintiffs herein. Long is sued in both his individual and official capacities.

INTRODUCTION

16. This case arises out of the denial and/or actual threat of the denial of multiple offenders' (over 100 inmates across the State of Colorado) constitutional (Co. Const. 14th Amend. and 14th Amend. U.S.C.A.) right to be heard at a parole hearing, at the hands of the CDOC, and its agents, Raemisch, Williams, Carlson, and Long, over period of a couple of years and through the present date add time. Notably, Heck v. Humphries, 512 U.S. 477 (1994) does not apply to any of the plaintiffs in the instant case, due to the fact that a judgment in favor of the plaintiffs does not imply the invalidity of any of the plaintiffs criminal convictions and/or sentences.

I. Overview

17. The CDOC maintains numerous administrative regulations (AR(s)) in which, with specification, clearly define the policies of the CDOC. Each AR consists of sections and subsections, not limited to, the following: policy, purpose, definitions, procedures, responsibility, authority, history, and attachments.

18. Among the many AR's of the CDOC, in pertinent part, are the following: AR-850-04 Grievance Procedure (which we will discuss in depth in section "F") and AR-950-07 Sentence Computation.

19. In accordance with AR-950-07 Sentence Computation, which clearly states;

under section I. POLICY: "It is the policy of the Colorado Department of Corrections (DOC) to accurately compute and record offenders' sentences in conformance with applicable statutes and regulations. [2-CO-1E-05][4-4097]" and under section II. PURPOSE: "This administrative regulation (AR) establishes the roles, responsibilities, and authority of DOC employees related to the accurate computed and recorded time computation of DOC offenders." (See Exhibit ).

20. The CDOC, by and through its agents, Raemisch, Williams, Carlson, and Long, have knowingly, intentionally, maliciously, willingly, wantonly, and deliberately subjected all the named and unnamed plaintiffs to the civil rights violations in the instant case. Their has been an obvious systematic failure to enfore and/or follow the written policies of the CDOC by all named defendants. This systematic failure, by the CDOC and its agents, has directly caused the significant injuries alleged herein, to all named and unnamed plaintiffs.

21. In no particular order, we will address the direct link between the custom and/or policy and the violation alleged against each named plaintiff. All unnamed plaintiffs that are spread out across the state, throught the many prisons of the CDOC, will be added after being notified of the instant case by the posting of a notice in housing areas, law libraries, and other areas of all CDOC prisons and half-way houses. (See Dean V. Coughlin, 107 F.R.D. 331, 335 (S.D.N.Y. 1985)).(See attached motion requesting class certification).

(A), (1). Joseph Pacheco, DOC#115455

22. On or about April 16th of 2019, the CDOC received a new mittimus for Mr. Joseph Pacheco to begin serving a fifteen (15) month sentence in case no. 19CR1386, out of Denver County, State of Colorado; with a sentence effective date (SED) of April 15th of 2019. (See Exhibit ).

23. The Honorable Judge Madden, in Mr. Pacheco's mittimus, in case no.

19CR1386, stated that Mr. Pacheco's fifteen (15) month sentence is to run concurrent to case no. 16CR10. (See Exhibit ).

24. In accordance with C.R.S. §17-22.5-101, Diehl v. Weiser, 2019 Co. 70 (Colo. 2019), Fetzer v. Exec. Dir. of the Colo. Dep't of Corr., 2016 WL 241485 (Colo. App. 2016) cert. granted, Court of Appeals ("COA") holding affr'd Exec. Dir. of the Colo. Dep't of Corr. v. Fetzer, 2017 WL 2729857 (Colo. 2017) the CDOC Time/Comp Operations shall calculate Mr. Pacheco's parole eligibility date (PED) from the SED of the earliest conviction that he is serving. The CDOC Time/Comp Operations personnel, including Carlson, failed to properly calculate Mr. Pacheco's PED by using the wrong SED of April 15th of 2019. The proper SED should have been August 8th of 2018, making Mr. Pacheco's PED March 23rd of 2019 and not October 29th of 2019. (See Exhibit ).

25. Therefore, the CDOC Time/Comp personnels' failure to follow the written policy and the systematic failure of Raemisch, Williams, Carlson, and Long to enforce the written policy caused Mr. Pacheco to be denied his right to be heard in front of the CDOC parole board in order to show his rehabilitation; on or about April 30th of 2019. (14th Amend. U.S.C.A.).

(A), (2). Jabez Parker, DOC#175535

26. On or about October 24th of 2018 the CDOC received a new mittimus for Mr. Jabez Parker to begin serving a five (5) year sentence in case no. 17CR323, out of Eagle County, State of Colorado; with a SED of October 24th of 2018.

27. The Honorable Judge Dunkelman, in Mr. Parker's mittimus, in case no. 17CR323, stated that Mr. Parkers five (5) year sentence is to run concurrent to case no. 17CR08. (See Exhibit ).

28. In accordance with C.R.S. §17-22.5-101, Diehl, and both Fetzers the CDOC Time/Comp Operations shall calculate Mr. Parker's PED from the SED of the earliest con

earliest conviction that he is serving. The CDOC Time/Comp Operations personnel, including Carlson, failed to properly calculate Mr. Parkers' PED by using the wrong SED of October 24th of 2018. The proper SED should have been June 27th of 2017, making Mr. Parkers' PED July 27th of 2021 (before earned time) and not January 1st of 2023. (See Exhibit ).

29. Therefore, the CDOC Time/Comp personnels' failure to follow the written policy and the systematic failure of Raemisch, Williams, Carlson, and Long to enforce the written policy caused for Mr. Parker to be threatened, to be denied his right to be heard in front of the CDOC Parole Board; in order to show his rehabilitation and possibly be released on parole; on or about April 27th of 2021. (14th Amend. U.S.C.A.).

(A), (3). Michael Lujan, DOC#130547

30. On or about November 16th of 2018 the CDOC received a new mittimus for Mr. Michael Lujan to begin serving a four (4) year sentence in case no. 18CR311, out of La Plata County, State of Colorado; with a SED of November 15th of 2018. (See Exhibit ).

31. The Honorable Judge Carlson, in Mr. Lujan's mittimus, in case no. 18CR311, stated that Mr. Lujans four (4) year sentence is to run concurrent to case no. 12CR209. (See Exhibit ).

32. In accordance with C.R.S. §17-22.5-101, Diehl, and both Fetzers the CDOC Time/Comp Operations shall calculate Mr. Lujan's PED from the SED of the earlies conviction that he is serving. The CDOC Time/Comp personnel, including Carlson, failed to properly calculate Mr. Lujans' PED by using the wrong SED of November 15th of 2018. The proper SED should have been June 6th of 2017, making Mr. Lujans' Parole Eligibility Date June 6th of 2019 (before earned time) and not November 15th of 2020. (See Exhibit ).

33. Therefore, the CDOC Time/Comp personnels' failure to follow the written policy and the systematic failure of Raemisch, Williams, Carlson and Long to enforce the written policy caused for Mr. Lujan to be denied his right to be heard in front of the Parole Board in order to show his rehabilitation; on or about June 6th of 2019. (14th Amend. U.S.C.A.).

(A), (4). Christopher Kohlenberg, DOC#156448

34. On or about March 15th of 2019 the CDOC received a new mittimus for Mr. Christopher Kohlenberg to begin serving a five (5) year sentence in case no. 18CR677, out of La Plata County, State of COlorado; with a SED of March 15th of 2019. (See Exhibit ).

35. The HOnorable Judge Norvell, in Mr. Kohlenberg's mittimus in case no. 18CR677, stated that Mr. Kohlenbergs' five (5) year sentence is to run concurrent to case no. 11CR699. (See Exhibit ).

36. In accordance with C.R.S. §17-22.5-101, Diehl, and both Fetzers the CDOC Time/COmp Operations shall calculate Mr. KohlenBerg's PED from the SED of the earliest conviction that he is serving. The CDOC Time/COmp Operations personnel, including Carlson, failed to properly calculate Mr. Kohlenberg's PED by using the wrong SED of MArch 15th of 2019. The proper SED should have been March 29th of 2017, making Mr. Kohlenberg's PED September 29th of 2019 (before earned time) and not July 25th of 2021. (See Exhibit ).

37. Therefore, the CDOC Time/COmp personnels' failure to follow the written policy and the systematic failure of Raemisch, WIlliams, Carlson, and LOng to enforce the written policy caused for Mr. Kohlenberg to be denied his right to be he heard in front of the CDOC Parole Board, in order to show his rehabilitation; on or about July 30th of 2019. (14th Amend. U.S.C.A.).

(A), (5). Albert Mersman, DOC#106555

38. On or about September 28th of 2018 the CDOC received a new mittimus for Mr. Albert Mersman to begin serving an eighteen (18) month sentence in case no. 18CR1621, out of Pueblo County, State of Colorado; with a SED of September 28th of 2018. (See Exhibit ).

39. The Honorable JUdge Shwartz, in Mr. Mersman's mittimus, in case no. 18CR1621, stated that Mr. Mersmans' eighteen (18) month sentence is to run concurrent to case no. 16CR5408. (See Exhibit ).

40. IN accordance with C.R.S. §17-22.5-101, Diehl, and both Fetzers the CDOC Time/Comp Operations shall calculate Mr. Mersman's PED from the SED of the earliest conviction that he is serving. The CDOC Time/Comp Operations personnel, including Carlson, failed to properly calculate Mr. Mersman's PED by using the wrong SED of September 28th of 2018. The proper SED should have been April 17th of 2018, making Mr. Mersman's PED January 17th of 2019 and not June 28th of 2019. (See Exhibit ).

41. Therefore, the CDOC Time/Comp Operations personnels' failure to follow the written policy and the systematic failure of Raemisch, Williams, Carlson, and Long to enforce the written policy caused for Mr. Mersman to be denied his right to be heard in front of the CDOC Parole BOard, in order to show his rehabilitation; on or about January 17th of 2019. (14th AMend. U.S.C.A.).

(A), (6). William Lee, DOC#122960

42. On or about March 7th of 2019 the CDOC received a new mittimus for Mr. William Lee to begin serving a two (2) year sentence in case no. 18CR5968, out of El Paso County, State of COlorado; with a SED of March 7th of 2019. (See Exhibit ).

43. The Honorable Judge Seals , in Mr. Lee's mittimus in case no. 18CR5968, stated that Mr. Lee's two (2) year sentence is to run concurrent to case no.

16CR3014. (See Exhibit ).

44. In accordance with C.R.S. §17-22.5-101, Diehl, and both Fetzers the CDOC Time/Comp Operations shall calculate Mr. Lee's PED from the SED of the earliest conviction that he is serving. The CDOC Time/Comp Operations personnel, including Carlson, failed to properly calculate Mr. Lee's PED by using the wrong SED of March 7th of 2019. The proper SED should have been June 6th of 2018, making Mr. Lee's PED June 6th of 2019 (before earned time) and not June 1st of 2020. (See Exhibit ).

45. Therefore, the CDOC Time/Comp Operations personnals' failure to follow the written policy and the systematic failure of Raemisch, Williams, Carlson, and Long to enforce the written policy caused for Mr. Lee to be denied his right to be heard in front of the CDOC Parole Board, in order to show his rehabilitation; on or about May 26th of 2019. (14th Amend. U.S.C.A.).

(A), (7). Robert Boyer, DOC#116592

46. On or about September 24th of 2013 the CDOC received a new

new mittimus for Mr. Robert Boyer to begin serving a twenty (20) year sentence in case no. 13CR77, out of Moffat County, State of Colorado; with a sentence effective date ("SED") of September 24th of 2013. (See Exhibit ).

47. The Honorable Judge Hill, in Mr. Boyer's mittimus, in case no. 13CR77, stated that Mr. Boyers' twebty (20) year sentence is to run concurrent to cases 02CR5192 and 03CR297. (See Exhibit ).

48. In accordance with C.R.S. §17-22.5-101, Diehl, and both Fetzers the CDOC Time/Comp Operations shall calculate Mr. Boyer's PED from the SED of the earliest conviction that he is serving. The CDOC Time/Comp Operations personnel, including Carlson, failed to properly calculate Mr. Boyer's PED by using the wrong SED of September 24th of 2013. The proper SED should have been August 24th

of 2011, making Mr. Boyer's PED AUgust 24th of 2021 (before earned time) and not December 4th of 2021. (See Exhibit ).

49. Therefore, the CDOC Time/Comp Operations personnels' failure to follow the written policy and the systematic failure of Raemisch, Williams, Carlson, and LOng to enforee the written policy caused for Mr. Boyer to be threatened to be denied his right to be heard in front of the CDOC Parole Board, in order to show his rehabilitation; on or about October 25th of 2019. (14th Amend. U.S.C.A.).

(A), (8). Shawn Todaro, DOC#60946

50. On or about August 12th of 2006, the CDOC received a new mittimus for Mr. Shawn Todaro to begin serving a thirty (30) year sentence in case no. 05CR1934, out of Boulder County, State of Colorado; with a sentence effective date ("SED") of August 11th of 2006. (See Exhibit ).

51. The Honorable JUdge Butler, in Mr. Todaro's mittimus, in case no. 05CR1934, stated that Mr. Todaros' thirty (30) year sentence is to run concurrent to case no. 02CR1530. (See Exhibit ).

52. In accordance with C.R.S. §17-22.5-101, Diehl, and both Fetzers the CDOC Time/Comp Operations shall calculate Mr. Todaro's PED from the SED of the earliest conviction that he is serving. The CDOC Time/Comp Operations personnel, including Carlson, failed to properly calculate Mr. Todaro's PED by using the wrong SED of August 11th of 2006. The proper SED should have been May 10th of 2005, making Mr. Todaro's PED May 10th of 2020 (before earned time) and not AUgust 12th of 2021. (See Exhibit ).

53. Therefore, the CDOC Time/Comp personnels' failure to follow the written policy and the systematic failure of Raemisch, WIlliams, Carlson, and Long to enforce the written policy caused for Mr. Todaro to be denied his right to be heard in front of the CDOC Parole Board in order to show his rehabilitation; on

or about March 26th of 2017. (14th Amend. U.S.C.A.).

(A), (9). Benjamin Greenfield, DOC#135249

54. On or about February 18th of 2014, the CDOC received a new mittimus for Mr. Benjamin Greenfield to begin serving an eighteen (18) year sentence in case no. 13CR1743, out of El Paso County, STate of Colorado; with a SED of February 18th of 2014. (See Exhibit ).

55. The Honorable Judge Lowrey, in Mr. Greenfield's mittimus, in case no. 13CR1743, stated that Mr. Greenfield's eighteen (18) year sentence is to run consurrentto cases 05CR3852, 06CR826, 06CR4789, and 09CR4473. (See Exhibit ).

56. IN accordance with C.R.S. §17-22.5-101, DIehl, and both Fetzers the CDOC Time/Comp Operations shall calculate Mr. Greenfield's PED from the SED of the earliest conviction that he is serving. The CDOC Time/Comp Operations personnel, including Carlson, failed to properly calculate Mr. Greenfield's PED by using the Wrong SED of February 18th of 2014. The proper SED should have been July 18th of 2012, making Mr. Greenfield's PED Juliy 18th of 2021 (before earne time) and not February 18th of 2023. (See Exhibit ).

57. Therefore, the CDOC Time/Comp Operations Personnels' failure to follow the written policy and the systematic failure of RAemisch, Williams, Carlson, and LOng to enforce the written policy caused for Mr. Greenfield to be denied his right to be heard in front of the CDOC Parole BOard, in order to show his rehabilitation; on or about October 18th of 2019.

(A), (10). Gino Alberico, DOC#128072

58. On or about June 23rd of 2017, the CDOC received a new mittimus for Mr. Gino Alberico to begin serving a twelve (12) year sentence in case numbers 17CR506, 17CR96, and 17CR67 (concurrently), out of EL Paso County, STate of Colorado; with a SED of June 23rd of 2017. (See Exhibit ).

59. The Honorable Judge Grchs , in Mr. Alberico's mittimus, in cases 17CR506, 17CR96, and 17CR62, stated that Mr. Alberico's twelve (12) year sentence is to run concurrent to cases 10CR3106 and 07CR4242. (See Exhibit ).

60. In accordance with C.R.S. §17-22.5-101, Diehl, and both Fetzers the CDOC Time/Comp Operations shall calculate Mr. Alberico's PED from the SED of the earliest conviction that he is serving. The CDOC Time/Comp Operations personnel, including Carlson, failed to properly calculate Mr. Alberico's PED by using the wrong SED of JUne 23rd of 2017. The proper SED should have been December 10th of 2012, making Mr. ALberico's PED December 10th of 2018 (before earned time) and not September 13th of 2022. (See Exhibit ).

61. Therefore, the CDOC Time/Comp Operations personnel's failure to follow the written policy and the systematic failure of Raemisch, Williams, Carlson, and Long to enforce the written policy caused for Mr. Alberico to be denied his right to be heard in front of the CDOC Parole Board, in order to show his rehabilitation; on or about July 28th of 2018. (14th Amend. U.S.C.A.).

II. Supervision, Training, Customs, Policies, and/or Practices of the CDOC

62. Raemisch and Williams, failed to adequately train and/or supervise their subordinates to: (1) accurately compute and record offenders' sentences in conformance with applicable statutes and regulations; (2) prevent the inaccurate computation of offenders' sentences; (3) ensure that offenders' see the CDOC Parole Board in a correct and timely manner; and (4) ensure that all offenders' are provided equal protection of law. (14th Amend. U.S.C.A.).

63. In light of the duties and responsibilities of Raemisch,and Williams, who excercise control over CDOC personnel charged with accurately computing and recording offenders' sentences in conformance with applicable statutes and regulations, the need for scrutiny and specialized training and supervision

regarding the above detailed problems was not only blatently obvious, but also admitted by Carlson. (See Exhibit ). The inadequacy of the training and supervision provided resulted in the violations of plaintiffs constitutional rights. The Defendants', Raemisch, Williams, Carlson, and Long's, failure to train and supervise, amounted to deliberate indifference to the constitutional rights of plaintiffs, Pacheco, Parker, Lujan, Kohlenberg, Mersman, Lee, Boyer, Todaro, Greenfield, Alberico, and many others whom will be discovered at a later date, whom the CDOC computes their sentences.

64. Defendants', Raemisch, Williams, and the CDOC, had and/or have customs, policies, and/or actual practices that allowed: (1) the inaccurate computation of offenders' sentences; (2) the denial of offenders' right to be heard at a Parole Board Hearing (inoorder to show rehabilitation); (3) the denial of equal protection of law to offenders; and (4) case managers to rely exclusively on the computation of offenders' sentences by Time/Comp Operations personnel, including Carlson.

65. Carlson and Long, following the custom, policy and/or actual practice of Policymaking Defendants, Raemisch, Williams, and the CDOC, respectively, assisted Time/Comp personnel in the inaccurate computation of offenders' sentences. Carlson and Long knew of the inaccuracy of the "Time/Comp Operations Software Program" that they were using and continued to use it anyway. They both also failed to do anything to prevent the above detailed problems. This was the custom, policy, and/or actual practice of the CDOC throughout Raemisch's and Williams' tenure up and throughhthe current date.

66. As detailed above, Raemisch and Williams had customs, policies, and/or actual practices that allowed for a long-standing, department-wide conspiracy to maliciously compute and record offenders' sentences inaccurately. The sentences

were not in conformance with applicable statutes and regulations at all, and this was done do blatently and in such high disregard for the orders of the judiciary.

67. These customs, policies, and practices were knowingly and conciously approved by Defendants, Raemisch, Williams, Carlson, and Long, and represent a deliberate choice to follow a course of action made amongst other alternatives, that directly caused the constitutional violations at issue.

68. The acts or omissions of each Defendant, including the policies, customs, and/or actual practices described above, were the legal and proximate cause of Mr. Pacheco's, Mr. Parker's, Mr. Lujan's, Mr. Kohlenberg's, Mr. Mersman's, Mr. Lee's, Mr. Boyer's, Mr. Todaro's, Mr. Greenfield's, and many other unnamed plaintiff's damages. Damages include, but are not limited to; depriving them of their possible liberty, their due process right to speak at a Parole Board Hearing, damaging plaintiffs both, mentally and emotionally, and dramatically curtailing their ability to be a productive, well-adjusted member of society.

D. STATEMENT OF CLAIMS

69-71. See p.4 of the instant case.

72. systematic failures; (4) systematically manufacturing intentionally false PED in order to deny plaintiffs of a liberty interest; (5) systematically denying plaintiffs their constitutional right to equal protection of law; (6) systemaically forcing CDOC case managers to rely exclusively on the computation of offender's sentences by CDOC Time/Comp Operations personnel, including Carlson; (7) deliberately, and taking affirmative steps to deny plaintiffs their right to be heard at a parole board hearing to demonstrate rehabilitation; (8) failing to train and supervise to prevent the above contitutional violations; and (9) failing to establish policies, customs, and/or practices to prevent the above

constitutional violations.

73. The CDOC personnel have claimed that they will fix these calculations. The actions by the Defendants described herein, which were done recklessly, knowingly, intentionally, willfully and wantonly caused all named and unnamed plaintiffs to be unconstitutionally denied their right to be heard at a CDOC PArole Hearing (in some cases for years). Defendants actions were so egregious and carried out in such a manner that shocks the judicial conscience, that they constituted deprivation of Constitutional dimension.

74. Defendants Raemisch and Williams, as supervisors of Carlson and Long, respectively, reckelessly, knowingly, intentionally, willfully, and wantonly, participated in, knew of, condoned and/or approved the wrongful acts of Defendants Carlson and Long, described herein. They proceeded with the intent and understanding to inaccurately compute and/or inaccurately record plaintiff's sentences in an unconstitutional manner. They therefore deprived all named and unnamed plaintiffs of their liberty interest to speak at a parole hearing in order to demonstrate rehabilitation and possibly be released on parole.

75. As described above, Defendants Raemisch and Williams failed to adequately train and/or supervise their subordinates to prevent the acts described herein, and particularly in paragraph numbers 72-73. This failure inevitably led to the denial of parole hearings (in conformance with applicable statutes and regulations) which clearly lacks the fundamental fairness essential to the very concept of justice. In light of the duties and responsibility of these Defendants to train, supervise, and excercise control over one or more of Defendants Carlson and Long, the need for scrutiny and specialized training and supervision regarding preventing the acts described in paragraph numbers 72-73. These actions and/or non-actions allowed for the inaccurate computing and/or recording of offenders'

sentences in conformance with applicable statutes and regulations. The behavior was so obvious, and the inadequacy of the training and supervision provided resulted in the violation of procedural due process rights. The Defendants', Raemisch and WIlliams, failure to train and supervise amounts to deliberate indifference to the due process rights of persons, including, but not limited to Jabez Parker, Joseph Pacheco, Michael Lujan, Christopher Kohlenberg, Albert Mersman, WIlliam Lee, Robert Boyer, Shawn Todaro, and Benjamin Greenfield with whom the CDOC computes their sentences.

76. Defendants Raemishh and WIlliams, not only failed to adequately train and supervise, but also knew, condoned and approved the wrongful acts of Defendants Carlson and LOng. These acts resulted in the unconstitutional denial of parole hearings to all named and unnamed plaintiffs.

77. Given the long-term and widespread nature of the acts described herein, particularly in paragraph numbers 72-73, Defendants Raemisch, Williams, Carlson, and Long knew of a substantial risk of all named and unnamed plaintiffs unconstitutional denial of parole hearings, and chose to proceed regardless.

78. As described above, Defendants Raemisch, Williams, Carlson, and Long had long-standing, department-wide customs, policies, and/or actual practices that allowed the acts described in paragraph numbers 72-73.

79. The customs, policies, and/or actual practices that allowed the unconstitutional denial of parole hearings of the named and unnamed plaintiff's, described herein, particularly in paragraph numbers 62-68, were necessarily consciously approved by Defendants Raemisch, Williams, Carlson, and Long. These acts represent a deliberate choice to follow a course of action made from among various alternatives, and were the moving force behind the constitutional violations at issue.

80. The acts or omissions, of each Defendant, including the policies, customs, and/or actual practices described above, were the legal and proximate cause of all named and unnamed plaintiff's unconstitutional denial of parole hearing, causing their injuries alleged herein.

81. Due to the actions of each Defendant, the inaccurate computation and recording of plaintiff's sentences (not in conformance with statutes and regulations) lacked fundamental fairness to a degree that shocks the universal sense of justice.

Claim Two: <u>42 U.S.C. § 1983-Prison Officials' Reckless Indifference to All Named and Unnamed Plaintiff's Rights (8th Amendment Violation)(Against All Defendants)</u>

Supporting facts:

82. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

83. Defendants were acting under color of state law in their actions and inactions which occurred at all times relevant to this action.

84. Defendants, acting with and exhibition of malice, ill will, a desire to injure, and reckless indifference to the plaintiff's rights deliberately denied all named and unnamed plaintiff's their right to be heard in front of the CDOC parole board in order to show rehabilitation and possibly be released on parole.

85. Defendants, acting knowingly, maliciously, willfully and wantonly, and envincing a complete utter disregard for the truth, fabricated inaccurate parole eligibility dates with knowledge that there was no reasonable justification for the inaccurate and illegal computation of all of the plaintiffs sentences other than that of a discriminatory nature, thereby intentionally, maliciously, and recklessly causing a deliberte indifference to all named and unnamed plaintiff's rights.

86. Defendants Raemisch, Williams, Carlson, and Long acted knowingly, intentionally, maliciously, willingly and wantonly, and recklessly, as more fully described herein, by (1) systematically inaccurately computing and recording plaintiffs' sentences and not conforming to applicable statutes and regulations; (2) systematic failure to follow and/or enforce a written policy, specifically AR-950-07 (See Exhibit ); (3) the denial of plaintiff's right to be heard at a parole hearing due to the aforementioned systematic failures; (4) systematically manufacturing intentionally false parole eligibility dates in order to deliberately deny plaintiffs of a liberty interest; (5) systematically denying plaintiffs their constitutional right to equal protection of law; (6) systematically forcing CDOC case managers to rely exclusively on the computation of offender's sentences by CDOC Time/Comp Operations personnel, including Carlson; (7) deliberately, and taking affirmative steps to deny plaintiffs their right to be heard at a parole board hearing to demonstrate rehabilitation; (8) failing to train and supervise to prevent the above constitutional violations; and (9) failing to establish policies, customs, and/or practices to prevent the above constitutional violations.

87. Defendants Raemisch and Williams, as supervisors of Carlson and Long, respectively, recklessly, knowingly, intentionally, willfully, and wantonly, participated in, knew of, condoned and/or approved the wrongful acts of Defendants Carlson and Long, described herein. They proceeded with the intent and understanding to inaccurately compute and/or inaccurately record plaintiff's sentences in an unconstitutional manner. They therefore deliberately deprived all named and unnamed plaintiffs of their liberty interest to speak at a parole hearing in order to demonstrate rehabilitation and possibly be released on parole.

88. As described above, Defendants Raemisch and Williams failed to

adequately train and/or supervise their subordinates to prevent the acts described herein, and particularly in paragraph numbers 72-73. This failure inevitably led to the denial of parole hearings (in conformance with applicable statutes and regulations) which clearly lacks the fundamental fairness essential to the very concept of justice. In light of the duties and responsibility of these Defendants to train, supervise, and excercise control over one or more of Defendants Carlson and Long, the need for scrutiny and specialized training and supervision regarding preventing the acts described in paragraph numbers 72-73. These actions and/or inactions allowed for the inaccurate computing and/or recording of offenders' sentences in conformance with applicable statutes and regulations. The behavior was so obvious, and the inadequacy of the training and supervision provided resulted in the violation of reckless indifference to the plaintiff's rights. The Defendants', Raemisch and Williams, failure to train and supervise amounts to deliberate and reckless indifference to the rights of persons, including, but not limited to Joseph Pacheco, Jabez Parker, Michael Lujan, Christopher Kohlenberg, Albert Mersman, William Lee, Robert Boyer, Shawn Todaro, and Benjamin Greenfield with whom the CDOC computes their sentences.

89. Defendants Raemisch and Williams, not only failed to adequately train and supervise, but also knew, condoned and approved the wrongful acts of Defendants Carlson and Long. These acts resulted in the unconstitutional denial or parole hearings to all named and unnamed plaintiffs.

90. Given the long-term and widespread nature of the acts described herein, particularly in paragraph numbers 72-72, Defendants Raemisch, Williams, Carlson, and Long had long-standing, department-wide customs, policies, and/or actual practices that allowed the acts described in paragraph numbers 72-73.

91. The customs, policies, and/or actual practices that allowed the uncon-

stitutional denial or parole hearings of the named and unnamed plaintiff's, described herein, particularly in paragraph numbers 62-68, were necessarily consciously approved by Defendants Raemisch, Williams, Carlson, and Long. These acts represent a deliberate and reckless choice to follow a course of action made from among various alternatives, and were the moving force behind the constitutional violation at issue.

93. The acts or omissions, of each Defendant, including the policies, customs, and/or actual practices described above, were the legal and proximate cause of all named and unnamed plaintiff's deliberate and reckless indifference to their rights, causing their injuries alleged herein.

94. Due to the actions of each Defendant, the inaccurate computation and recording of palintiff's sentences (not in conformrance with statutes and regulations) lacked fundamental fairness to a degree that shocks the universal sense of justice.

Claim Three: 42 U.S.C. § 1985(e)-Conspiracy to Violate All Named and Unnamed plaintiff's Civil Rights (4th and 14th Amendment Violations)(Against All Defendants)

Supporting facts:

95. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

96. Defendants were acting under color of state law in their actions and inactions which occurred at all times relevant to this action.

97. Defendants Raemisch, Williams, Carlson, and Long recklessly, knowingly intentionally, willfully, and wantonly conspired with one another, and others, to deprive all named and unnamed plainitiffs of their Fourth and Fourteenth Amendment rights under the United States Constitution of America by deliberately and recklessly inaccurately computing their sentences and therefore denying them

their right to be heard in front of the CDOC Parole Board, in spite of knowledge and in possesion of evidence that supported such a hearing for all named and unnamed plaintiff's.

98. These Defendants recklessly, knowingly, intentionally, willfully and wantonly acted in concert throughout the computation of all named and unnamed plaintiff's sentences and is documented in hundreds of pages of CDOC Time/Comp Earned Time Audit's, one per plaintiff (named and unnamed).

99. Each Defendant recklessly, knowingly, intentionally, willfully and wantonly engaged in overt acts in furtherance of the conspiracy, as described herein, including, but not limited to: (1) systematically inaccurately computing and recording plaintiffs' sentences and not conforming to applicable statutes and regulations; (2) systematically failing to follow and/or enforce a written policy, specifically AR-950-07 (See Exhibit ); (3) the continued denial of plaintiff's right to be heard at a parole hearing; (4) systematically manufacturing intentionally false parole eligibility dates in order to deliberately deny plaintiff's of a liberty interest; (5) systematically enforcing CDOC grievance policy stating that offenders cannot grieve sentence computation despite the great weight of evidence evincing the constitutional violations at issue; (6) failing to train and supervise to prevent the continued constitutional violations at hand; and (7) failing to establish policies, customs, and/or practices to prevent the above constitutional violations.

100. In particular, Defendants Raemisch, Williams, Carlson, and Long recklessly, knowingly, intentionally, willfully and wantonly engaged in the overt acts of systematically enforcing CDOC grievance policy stating that offenders cannot grieve sentence computation and posting a notive notifying offenders not to contact Time/Comp Operations, with the intent and understanding of ensuring

the systematic failure would not become evident to all named and unnamed plaintiffs to the level of which it is, and attempting to prevent the instant case from being filed, shinning light on the level of injustice executed by the CDOC, by and through its agents, Raemisch, Williams, Carlson, and Long.

101. Defendants Raemisch, Williams, Carlson, and Long have admitted that they have worked closely with one another, and, in doing so, are aware of the manufacturing of false parole eligibilities dates and systematic failure to follow and enforce the written policy.

102. Defendants Raemisch and Williams, as supervisors of one or more of Carlson and Long, respectively, recklessly, knwoingly, intentionally, willfully and wantonly, took overt acts in furtherance of the conspiracy by supervising, condoning, and approving the wrongful acts of Defendants Carlson and Long, described herein, with the intent and understanding that they were denying thousands of offenders their constitutional right to be heard in front of the CDOC Parole Board.

F. ADMINISTRATIVE REMEDIES

103. The CDOC does have a formal grievance procedure here at the Trinidad Correctional Facility ("TCF"). AR-850-04 Grievance Procedure governs the CDOC policy for offender grievances. In accordance with AR-850-04 CDOC inmates are not allowed to grieve "sentence computation" issues. Plaintiffs, notably, have still attempted to file grievances in regard to the constitutional violations at issue, described herein, and with no avail.

G. REQUEST FOR RELIEF

WHEREFORE, Plaintiff's (named and unnamed) respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, and award them all relief by law and equity, including, but not limited to, the following:

a. Appropriate equitable relief, including, but not limited to, prospective injunctive relief, including declatory and other injunctive remedies;

b. Actual economic damages as established at trial;

c. Compensatory damages, including, but not limited to, those for past and future pecuniary and nonpecuniary losses; emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses;

d. Punitive damages for all claims allowed by law in an amount to be determined at trial;

e. Pre-judgment and post-judgment interest at the highest lawful rate;

f. Attorney's fees and costs; and

g. Any other relief this Court deems just and proper.

**PLAINTIFFS, NAMED AND UNNAMED, REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Dated this 8th day of August, 2019.

115455

Joseph Pacheco #115455

William Lee #122960

Jabez Parker #175535

Robert Boyer #116592

Michael Lujan #130547

Shawn Todaro #60946

Christopher Kohlenberg #156448

Benjamin Greenfield #135249

Albert Mersman #106555

Gino Alberico #128072

JS 44 (Rev. 06/17) District of Colorado Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Joseph Pacheco, et. al.,

**(b)** County of Residence of First Listed Plaintiff: Las Animas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Pacheco
21000 Hwy. 350 East
Model Co 81059

## DEFENDANTS

The Colorado Department of Corrections, et. al.,

County of Residence of First Listed Defendant: El Paso
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE. IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- [X] 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C. §1983 - Denial of Parole Hearing (14th Amend. Procedural Due Process Violation) / §1985(c

Brief description of cause: ☐ AP Docket Defendants recklessly and deliberately denied all plaintiffs of their

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ TO BE DETERMINED @ TRIAL

CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ____ DOCKET NUMBER ____

DATE: August 8, 2019

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

Colorado Department of Corrections
Name Joseph Pacheco
Register # 115455
Unit 2
Box # 21000 Hwy 350 East
City, State, Zip Model CO 81059

neopost
08/23/2019
US POSTAGE
PRIORITY MAIL
$07.85⁰
ZIP 81059
041L11236872

Clerk of the Court
Alfred A. Arraj United States Courthouse
901 19th Street, Room A105
Denver, CO 80294-3589

CONFIDENTIAL

| Facility | Date Rec'd | |
|---|---|---|
| TCF | 8/23/19 | |

| Staff Name | ID# | INT |
|---|---|---|
| RLLgal T | 1883 | K |

| DOC# | Offender Name | INT |
|---|---|---|
| 115455 | Joseph Pacheco | JP |